IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD W. FREEMAN, JR. #131 546, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 2:19-CV-523-ECM ) [WO] |
| KAY IVEY, *et al.*, | ) ) |
| Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility, filed this 42 U.S.C. § 1983 complaint on July 22, 2019. After reviewing the complaint and finding deficiencies in this pleading, the court determined that Plaintiff should be given an opportunity to file an amended complaint to correct the deficiencies. On August 9, 2019, the court entered a detailed order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 8. The court specifically advised Plaintiff to "file an amended complaint . . . which allows the court to accurately determine the claims he is asserting against each named defendant regarding the alleged unconstitutional conditions to which **he** has been subjected. . ." Doc. 8 at 5. The order further advised Plaintiff the "original complaint will be <u>superseded</u> by the amended complaint," and cautioned him his failure to comply with the order would result in a Recommendation this case be dismissed. Doc. 8 at 5, 7.

On October 23, 2019, the court granted Plaintiff additional time to comply with the August 9, 2019 order directing him to file an amended complaint. Doc. 11. The time allowed Plaintiff to file the amended complaint expired on November 6, 2019. As of the present date, Plaintiff has failed to file an amended complaint as required by this court. Because of Plaintiff's failure to file the requisite amended complaint, the court concludes that this case should be dismissed. *Tanner*

*v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the order of the court and to prosecute this action.

It is further

ORDERED that **on or before December 19, 2019**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects. Plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 4th day of December, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge